UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DON S. WILLNER & ASSOCIATES, P.C.**<br>**a State of Washington Professional**<br>**Corporation,**<br><br>                              Plaintiff,<br><br>        v.<br><br>**FEDERAL DEPOSIT INSURANCE**<br>**CORPORATION, AS RECEIVER FOR**<br>**THE BENJ. FRANKLIN FS&LA,**<br>**PORTLAND, OREGON**<br>**550 17TH STREET, NW**<br>**WASHINGTON, DC 20429**<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 06-01227 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FDIC's MOTION TO CONSOLIDATE CASES, INCLUDING**
**STATEMENT OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 42(a), the Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), moves for an order consolidating the related cases identified below and in support includes the Statement of Points and Authorities herein.

**The Related Cases Subject to Consolidation**

The FDIC-Receiver requests the Court to enter an order consolidating the following related cases pending in this Court before the same judge:

1) *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025 (EGS)

2) *Winston & Strawn, LLP v. FDIC*, No. 1:06CV01120 (EGS)

3) *Willner & Associates, P.C. v. FDIC*, No. 1:06CV01227 (EGS)

4) *Blackwell Sanders Peper Martin, LLP, and Ernest M. Fleischer v. FDIC*, No. 1:06CV01273 (EGS)

Collectively, the above-listed cases are referred to as "the Related Cases."  Consolidation of the Related Cases is appropriate under Fed. R. Civ. P. 42(a), as discussed in more detail herein.  FDIC-Receiver is filing a motion to consolidate in each of the Related Cases.  The FDIC-Receiver is filing a motion to consolidate in each of the Related Cases.

### Statement of Points and Authorities

### I.    The Court's Authority To Order Consolidation

The Court has the authority to consolidate actions involving a common question of law or fact under Fed. R. Civ. P. 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) provides:

> (a) Consolidation.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The question of consolidation under Rule 42(a) is "a matter within the sound discretion of the District Court."  *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951).  The text of Rule 42(a) has not changed since the Federal Circuit issued the *Pignatello* opinion over 50 years ago.

### II.    Background

The above-referenced cases are all related to *United States v. FDIC*, No. 1:02CV01427 (EGS).  In that case, this Court presided over a tax collection action filed by the United States on behalf of the Internal Revenue Service (IRS).  The tax collection action is hereinafter referred to as "the IRS Case."  The United States alleged that the Benj. Franklin receivership owed more than $1.2 billion of federal income taxes, interest, and penalties for tax years 1990 to 2002.

The parties to the IRS Case agreed to settle the tax claim for a payment of $50 million to the IRS.  The remaining receivership surplus funds will be distributed *pro rata* to all Benj.

2

Franklin shareholders who can demonstrate their ownership of Benj. Franklin common stock, after other claims and expenses are paid.

In addition to the $50 million payment to the IRS, the settlement provided for the following:

1) The creation of a reserve for future years' receivership and administrative expenses and other legal contingencies.[1]

2) A distribution of approximately $3 million to the Benj. Franklin Shareholders Litigation Fund to reimburse shareholders who contributed to that fund, as approved by the FDIC-Receiver pursuant to the statutory receivership claims procedures administered by the FDIC-Receiver.[2]

3) Agreement by the FDIC-Receiver to distribute an amount representing the reasonable fees and expenses of the shareholders' attorneys and consultants in connection with such persons' work to reduce the $1.2 billion tax liability alleged by the IRS down to the $50 million settlement amount.[3]

See United States v. FDIC, Civil Case No. 02-1427 (EGS) (D.D.C.); Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities, 9, 13 (Feb. 3, 2006) and Exhibit A thereto, Notice To All Current Shareholders Of Benj. Franklin Federal Savings & Loan Association, 2-4, 6-8.

The Court approved the settlement on May 2, 2006. Since the Court's approval of the settlement in the IRS Case, the following material events have occurred:

---

[1] At the time the FDIC-Receiver estimated that this reserve would be about $1 million.
[2] At the time the FDIC-Receiver stated that it was considering the Litigation Fund's request to pay interest on the $3 million principal amount.
[3] At the time, the FDIC-Receiver estimated that amount of reasonable fees and expenses would be between $1 million and $2 million.

1) The FDIC-Receiver paid the BFS Litigation Fund the $3 million principal amount of the shareholder contributions to the fund but disallowed the fund's request for interest. The BFS Litigation Fund then filed case No. 1:06CV01025, seeking $1.5 million to $3 million in interest on the $3 million principal amount. This case is hereinafter referred to as "the BFS Lit. Fund Case."

2) The FDIC-Receiver paid Winston & Strawn $400,812.75[4] at the firm's undiscounted standard hourly rate as reasonable fees and expenses but disallowed the firm's request for a fee enhancement. Winston & Strawn then filed case No. 1:06CV01120, seeking a fee enhancement of $574,938. This case is hereinafter referred to as "the Winston & Strawn Case."

3) The FDIC-Receiver paid Willner & Associates $122,731.44[5] at what the FDIC-Receiver determined to be a standard undiscounted hourly rate[6] as reasonable fees and expenses but disallowed the firm's request for a fee enhancement. Willner & Associates then filed case No. 1:06CV01227, seeking a fee enhancement of $782,110. This case is hereinafter referred to as "the Willner Case."

4) The FDIC-Receiver paid Ernest Fleischer $89,465 as reasonable fees and expenses but disallowed his request for a fee enhancement. Mr. Fleischer and the law firm of Blackwell Sanders Peper Martin LLP then filed case No.

---

[4] Winston & Strawn also received $189,456.76 from the BFS Lit. Fund.
[5] Willner & Associates also received $101,793.90 from the BFS Lit. Fund.
[6] Willner & Associates failed to provide the FDIC-Receiver with information showing that the firm had a standard hourly rate.

1:06CV01273, seeking a fee enhancement of about $2 million. This case is hereinafter referred to as "the Fleischer Case."

Because of the pending Related Cases, the FDIC-Receiver's estimated reserve for future contingencies has increased from $1 million to over $6 million.

### III. Consolidation Is Appropriate

The Related Cases all arise from the settlement of the IRS Case. They involve common issues of law and fact, and consolidation will avoid unnecessary expense and delay.

#### A. Common Questions of Law

The Related Cases involve the common question of whether interest or additional fees and expenses are authorized under the governing receivership distribution regulation or applicable common law principles. In addition, assuming additional fees and expenses are authorized under applicable law, the Related Cases involve the question of whether the requested additional payments are fair and reasonable. *See United States v. FDIC*, Civil Case No. 02-1427 (EGS) (D.D.C.); Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities (Feb. 3, 2006), Ex. A, Notice To All Current Shareholders Of Benj. Franklin Federal Savings & Loan Association, 7.

#### B. Common Questions of Fact
#### 1. Overarching Common Questions of Fact

The Related Cases involve several overarching issues of fact. The Related Cases involve one or more of the following questions: 1) whether and on what terms any enforceable arrangements were entered into between the shareholders and the plaintiffs regarding payment by individual shareholders or from the receivership surplus, 2) whether the shareholders

5

contemplated or expected the relief requested by the plaintiffs, and 3) whether, in any case, the facts and circumstances justify the payment of additional funds from the receivership surplus over and above the amounts the plaintiffs have already received.

      **2.**      **Common Fact Witnesses**

The Related Cases also involve common fact witnesses.

(1)    **Richard S. Gill**. Mr. Gill is an FDIC attorney. Mr. Gill played a key role in the negotiation of the settlement of IRS Case. He also participated in most major discussions with the plaintiffs or their counsel with respect to the plaintiffs' requests for interest, fees, and expenses and played a key role in the review of the requests through the administrative claims process. The FDIC-Receiver expects to present Mr. Gill as a witness in each of the Related Cases. The FDIC-Receiver also expects that one or more of the plaintiffs in the Related Cases to take Mr. Gill's deposition and call him as an adverse witness or cross-examine him at any evidentiary hearing or trial.

(2)    **Don S. Willner**. Mr. Willner is the sole trustee of the BFS Lit. Fund. He is also the principal of the plaintiff law firm in the Willner Case. The FDIC-Receiver expects to take the deposition of Mr. Willner and possibly call him as an adverse witness or cross-examine him at any evidentiary hearing or trial. The FDIC-Receiver also expects that one or more of the plaintiffs in the other Related Cases will take Mr. Willner's deposition or present him as a witness or cross-examine him at any evidentiary hearing or trial.

(3)    **Unnamed Shareholders**. The plaintiffs in the Fleischer Case aver that over 1/3 of the shareholders support their request for a fee enhancement. The Fleischer plaintiffs do not identify the shareholders. The FDIC-Receiver expects to take the deposition of the as yet unnamed

6

shareholders to, among other things, confirm that they support the plaintiffs' request for relief in the Fleischer Case, and determine whether they support or oppose the requests for relief of the plaintiffs in the other Related Cases. The FDIC-Receiver may present one or more such shareholders as a witness or cross-examine one or more such shareholders at any evidentiary hearing or trial. The FDIC-Receiver expects that one or more of the plaintiffs in the other Related Cases may take the deposition of such shareholders or present one or more such shareholders as a witness or cross-examine one or more such shareholders at any evidentiary hearing or trial.

(4)     **C. Robert Suess**. Mr. Suess is a major shareholder. He has been involved in all litigation related to the failed Benj. Franklin receivership. Mr. Suess played a role in the establishment and funding of the BFS Lit. Fund. He also submitted an affidavit in support of the plaintiff's request for a fee enhancement in the Winston & Strawn Case. Consequently, the FDIC-Receiver expects to take the deposition of Mr. Suess in both cases. In addition, the FDIC-Receiver expects to take the deposition of Mr. Suess to determine whether he supports or opposes the requests for relief of the plaintiffs in the other Related Cases. The FDIC-Receiver also expects that one or more of the plaintiffs in the other Related Cases may take the deposition of Mr. Suess and present him as a witness or cross-examine him at any evidentiary hearing or trial.

(5)     **Gary E. Hindes**. Mr. Hindes is a major shareholder through several funds. He submitted an affidavit in support of the plaintiff's request for a fee enhancement in the Winston & Strawn Case. The FDIC-Receiver expects to take the deposition of Mr. Hindes to, among other things, confirm his support for a fee enhancement in the Winston & Strawn Case and determine whether he supports or opposes the requests for relief of the plaintiffs in the other

7

Related Cases. The FDIC-Receiver may present Mr. Hindes as an adverse witness or cross-examine him at any evidentiary hearing or trial. The FDIC-Receiver also expects that one or more of the plaintiffs in the other Related Cases may take the deposition of Mr. Hindes and present him as a witness or cross-examine him at any evidentiary hearing or trial.

(6)     **Abe Siemens**. Mr. Siemens is a major shareholder. He submitted an affidavit in support of the plaintiff's request for a fee enhancement in the Winston & Strawn Case. The FDIC-Receiver expects to take the deposition of Mr. Siemens to, among other things, confirm his support for a fee enhancement in the Winston & Strawn Case and determine whether he supports or opposes the requests for relief of the plaintiffs in the other Related Cases. The FDIC-Receiver may present Mr. Siemens as an adverse witness or cross-examine him at any evidentiary hearing or trial. The FDIC-Receiver also expects that one or more of the plaintiffs in the other Related Cases may take the deposition of Mr. Siemens and present him as a witness or cross-examine him at any evidentiary hearing or trial.

(7)     **Rosemary Stewart**. Ms. Stewart is the attorney for the plaintiff in the BFS Lit. Fund Case. She played a key role in discussions with the FDIC-Receiver regarding the $3 million principal portion of the BFS Lit. Fund's proof of claim – which the FDIC-Receiver allowed and paid – and the interest portion of the BFS Lit. Fund's proof of claim – which the FDIC-Receiver disallowed. Ms. Stewart also discussed with one or more of the plaintiffs in the other Related Cases whether to request fee enhancements over and above what they had already been paid by various shareholders and the FDIC-Receiver. The FDIC-Receiver expects to take the deposition of Ms. Stewart and possibly call her as a witness or cross-examine her at any evidentiary hearing or trial. The FDIC-Receiver also expects that one or more of the plaintiffs in the other Related

Cases may take the deposition of Ms... Stewart and present her as a witness or cross-examine her at any evidentiary hearing or trial.

(8)     **Henry C. Darmstadter**.  Mr. Darmstadter is an attorney for the IRS.  He played a key role in the negotiations leading to the settlement of the IRS Case.  He is familiar with the services provided by the plaintiffs in the Related Cases and the degree to which those services may have affected or contributed to the settlement of the IRS Case.  The FDIC-Receiver expects to take the deposition of Mr. Darmstadter and call him as a witness at any evidentiary hearing or trial.  The FDIC-Receiver also expects one or more of the plaintiffs in the Related Cases to take Mr. Darmstadter's deposition and call him as a witness or cross-examine him at any evidentiary hearing or trial.

### C.     Consolidation Will Avoid Unnecessary Costs and Delay

#### 1.     Consolidation Will Minimize the Expenses of the Receivership and Preserve More Funds in the Receivership Surplus for Distribution to All Shareholders

The FDIC-Receiver's expenses are funded from the receivership surplus.  Consolidation of the Related Cases will reduce the FDIC-Receiver's cost of defending the Related Cases by minimizing the need for separate briefing, discovery, and hearings.

Moreover, any resolution of the Related Cases that involves the payment of interest or additional fees and expenses from the receivership surplus should be approved by a majority of the shareholders and the court, as was done in the IRS Case.  Accordingly, only one notice should be sent to the shareholders to avoid the unnecessary expense of sending multiple notices to several thousand shareholders.  Consolidation will facilitate the distribution of one comprehensive notice to all shareholders.

Consolidation will reduce the FDIC-Receiver's costs and preserve more of the receivership surplus for ultimate distribution to the shareholders of the failed Benj. Franklin FS&LA.

### 2. Consolidation Will Avoid the Unnecessary Expenditure of Judicial Time and Resources

Consolidation will preserve judicial time and resources.  Consolidation will promote a more efficient administration of the Related Cases, because it will allow the Court to address common questions of law and fact without the need for duplicative briefings or hearings on questions common to all Related Cases.

### 3. Consolidation Will Avoid Unnecessary Discovery Costs

Consolidation will minimize the expense and inconvenience of discovery.  Several potential witnesses are common to all of the Related Cases.  Consolidation will allow the parties to schedule fewer depositions and eliminate the need for witnesses to appear at multiple depositions.  Moreover, several potential common witnesses live in the Pacific Northwest or other places outside the district.  Eliminating the need for separate and multiple depositions of such witnesses will minimize unnecessary reporting costs and travel expenses, which continue to rise in the current market.

### 4. Consolidation Will Avoid Unnecessary Delay in Making Final Distributions to All Shareholders

The FDIC-Receiver must reserve sufficient funds in the receivership surplus to cover the contingent claims presented by the Related Cases in the event one or more plaintiffs are successful in court.  Otherwise, such funds would be available for distribution to the entire class of shareholders.

The bulk of the relief requested in the BFS Lit. Fund Case would benefit only a handful of major shareholders, not the entire class of shareholders. The fee enhancements sought by the plaintiffs in the Winston & Strawn Case, the Willner Case, and the Fleischer Case, would benefit only the plaintiff law firms. The FDIC-Receiver believes that the entire class of shareholders is entitled to funds remaining in the receivership surplus, except for any amounts necessary to cover the FDIC-Receiver's estimated future ordinary expenses or other contingencies until the receivership is terminated. However, because the plaintiffs are asserting the right to additional payment from the receivership surplus to less than the entire class of shareholders or to non-shareholder law firms, the reserved funds will not be available for distribution until the Related Cases are finally resolved.

Consolidation will promote the more efficient and timely resolution of all issues in the Related Cases and avoid the unnecessary delay of separate and uncoordinated discovery and briefing schedules. Thus, consolidation is likely to promote a more expeditious determination of how much of the receivership surplus currently in reserve will be available for distribution to the entire class of shareholders.

## Compliance With LCvR 7(m)

Pursuant to LCvR 7(m), the undersigned counsel discussed this motion with opposing counsel in all the Related Cases.

Jeremiah Collins, counsel for the plaintiff in this case, does not yet know whether he will oppose this motion.

Rosemary Stewart, counsel for the plaintiff in the BFS Lit. Fund Case, opposes this motion.

Tom Buchanan, counsel for the plaintiff in the Winston & Strawn Case, does not oppose this motion.

William Demarest, counsel for the plaintiff in the Fleischer Case, does not oppose the consolidation of the Fleischer Case with the Winston &Strawn Case and the Willner Case but opposes consolidation with the BFS Lit. Fund Case.

## Conclusion

For the foregoing reasons, the FDIC-Receiver requests the Court to enter an order consolidating the Related Cases. Further, because all the Related Cases are in the earliest procedural stages, the FDIC-Receiver proposes that the Court designate *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025, as the lead case; that the Court dismiss the then-associated cases; and that the clerk add the parties from the associated cases to the lead case. Attached hereto is a proposed Order To Consolidate Cases.

Respectfully submitted,

Dated: August 11, 2006         /s/ Bruce C. Taylor
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

Counsel for Federal Deposit Insurance Corporation,
as Receiver for The Benj. Franklin FS&LA