UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON S. WILLNER & ASSOCIATES, P.C., )
a State of Washington Professional )
Corporation, )
 )
       Plaintiff, )
 )
       v. )   Case No. l:06CV01227 (EGS)
 )
FEDERAL DEPOSIT INSURANCE )
CORPORATION, As Receiver For )
The Benj. Franklin FS & LA, )
 )
       Defendant. )
 )

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN PARTIAL OPPOSITION TO
DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Plaintiff Don S. Willner & Associates, P.C. ("Willner") submits this memorandum in partial opposition to defendant FDIC's motion to consolidate this action with three other actions. Willner does not oppose consolidating this case *for purposes of discovery* with the two other actions identified by the FDIC which, like this case, involve claims for attorneys' fees for work relating to the settlement of tax claims against the Benj. Franklin Federal Savings and Loan Association ("Benj. Franklin"). However, for the reasons stated in this memorandum, (i) this case should *not* be consolidated with *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025 (EGS) (the "Lit. Fund Action"); (ii), at this time, consolidation of this action with the two other fee actions should be for discovery purposes only; and (iii) any consolidation that may be ordered should *not* entail dismissing this case, nor should consolidation be treated as expanding the parties to any of the cases.

## BACKGROUND

In 1990, the United States Government placed Benj. Franklin in receivership, asserting that the institution was unable to satisfy its minimum regulatory capital requirements. On September 14, 1990, Willner filed an action in the United States Court of Federal Claims on behalf of Benj. Franklin and its shareholders against the United States (the "Claims Court Action"), alleging that Benj. Franklin's capital had been reduced by wrongful actions on the part of the United States. In 2002, Willner obtained a judgment of approximately $35 million in the Claims Court Action, as to which motions for reconsideration remain pending.

In April 2002, the Internal Revenue Service ("IRS") filed a proof of claim with the FDIC, which had become the receiver for Benj. Franklin, asserting that Benj. Franklin owed approximately $1.2 billion in federal taxes, interest and penalties. That claim, if upheld, would have greatly exceeded both the assets of the receivership estate and the judgment in the Claims Court Action. Despite substantial grounds for contesting the IRS claim, in June 2002 the FDIC indicated its intention to expend the full assets of the receivership estate in payment of that claim. Willner therefore filed an action in the United States District Court for the District of Oregon on behalf of the Benj. Franklin shareholders (the "Oregon Action"), and was successful in obtaining a temporary restraining order prohibiting the FDIC from making any tax payment to the IRS.

In July 2002, the IRS sued the FDIC in this Court, seeking approximately $1.2 billion from the Benj. Franklin receivership. *See United States v. FDIC*, No. 1:02CV01427 (the "IRS Action"). The shareholders, again with Willner as sole counsel of record, moved to intervene. The motion was stayed, but it prompted a three-year process of negotiations with the United States Department of Justice, the IRS and the FDIC, which resulted in a settlement in which the IRS agreed to a tax payment of only $50 million, as compared to the approximately $1.2 billion

it had claimed. As a result, the receivership estate retained a surplus of $44 million, which will be increased by the amount that is recovered in the Claims Court Action. But for Willner's efforts on behalf of the shareholders in both the Oregon Action and the IRS Action, all of that money would have been paid to the IRS by the FDIC out of the receivership assets.

Pursuant to 12 U.S.C. § 1821, Willner submitted a claim to the FDIC for attorney's fees and expenses incurred in preserving the assets of the receivership estate. The FDIC approved the claim in part but denied it in part. Believing the amount approved by the FDIC to be inadequate, Willner has brought this action (the "Willner Action") for additional fees and expenses.

Two other actions claiming additional fees and expenses have been brought by other attorneys who did work relating to the tax claim: *Winston & Strawn, LLP v. FDIC*, No. 1:06CV01120 (EGS) (the "Winston & Strawn Action"), and *Blackwell Sanders Peper Martin, LLP, & Ernest M. Fleischer v. FDIC*, No. 1:06CV01273 (EGS) (the "Fleischer Action"). We will refer to the Willner, Winston & Strawn and Fleischer Actions collectively as the "Fee Actions."

An action also has been filed in this Court by the Benj. Franklin Shareholders Litigation Fund: *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025 (EGS) (the "Lit. Fund Action"). The Lit. Fund was created to support litigation on behalf of Benj. Franklin and its shareholders, and it received contributions from approximately 4,200 shareholders. The Lit. Fund submitted a claim to the FDIC requesting payment from the receivership of the amount that had been contributed to the Fund by shareholders, plus interest, in order to distribute the money back to the shareholders who contributed it. The FDIC approved payment of the principal, but denied the claim for interest. The only question presented by the Lit. Fund Action is whether the claim for interest should be granted.

The FDIC has moved to consolidate the Willner Action with the Lit. Fund Action, the Winston & Strawn Action, and the Fleischer Action. The FDIC further proposes "that the Court designate [the Lit. Fund Action] as the lead case; that the Court dismiss the then-associated cases; and that the clerk add the parties from the associated cases to the lead case." Defendant FDIC's Motion to Consolidate Cases, Including Statement of Points and Authorities, at 12. For the following reasons, Plaintiff Willner does not oppose consolidating this case with the two other Fee Actions solely for discovery purposes, but Willner opposes the FDIC's motion in all other respects.

## ARGUMENT

**I.     This Case Should Not Be Consolidated with the Litigation Fund Action**

There arguably are grounds for consolidating the three Fee Actions (but only for purposes of discovery, *see infra* at 4-5), because those actions all present questions as to the contributions made by the various claimant attorneys to the preservation of receivership assets in the face of the IRS tax claim. However, those questions are not relevant to the Lit. Fund Action, which presents a discrete issue as to whether interest should have been paid from the receivership assets on the amounts contributed to the Lit. Fund by shareholders and repaid years later by the receivership. There is no reason to consolidate the Lit. Fund Action with any of the Fee Actions, and such consolidation would be more likely to cause delay than to avoid delay.

**II.    If the Three Fee Actions Are Consolidated, at This Time the Consolidation Should Be Only for Purposes of Discovery**

Although the Fee Actions present some related factual questions, and it would be sensible to provide that discovery in each action can be used in the other actions, it would be premature to order the consolidation of the actions for any purpose other than discovery.

Under Rule 42, Fed. R. Civ. P., the Court may consolidate actions for some purposes while allowing the actions to proceed separately in other respects. *See, e.g., Martin v. Potomac*

4

*Elec. Power Co.*, No. 86-0603, 1989 U.S. Dist. LEXIS 15350, at *5 (D.D.C. Dec. 21, 1989). "Even if there is a common question, so that consolidation is permissible, the court need not order the actions consolidated in their entirety but merely may order a joint hearing or trial of the common issue or of other particular issues." 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2382 at 433-34 (1995). So too, consolidation may be appropriate for particular pretrial proceedings rather than for trial. *Id.* at 434. Thus, in *Martin*, the Court ordered cases consolidated "only for pretrial proceedings," stating that, "[a]t the close of discovery ..., the court will decide to what extent, if at all, the trial of these cases shall proceed together." 1989 U.S. Dist. LEXIS 15350 at *5. *See also Saleh v. Titan Corp.*, No. 05-1165, 2006 WL 1805611, at *4 (D.D.C. June 29, 2006) (ordering "these two cases to be consolidated, *for discovery purposes only*") (emphasis by the Court).

      The Willner Action, the Winston & Strawn Action and the Fleischer Action are brought by three separate sets of attorneys, seeking compensation for different work. It is quite possible that one or more of these actions – particularly the Willner Action – may prove amenable to settlement, or to summary judgment, while others may not. Furthermore, the grounds on which the FDIC denied each of the respective claims in part, and the grounds on which each of the Fee Actions seeks additional fees, are in large part distinct in each case. [1]

---

[1] The FDIC asserts that "any resolution of [the Fee Actions] that involves the payment of interest or additional fees and expenses from the receivership surplus should be approved by a majority of the shareholders and the court, as was done in the IRS Case," FDIC Motion at 9; and the FDIC argues that such approval should be sought through a single "comprehensive notice," *id.* It is premature to attempt to determine what procedures should be followed to finalize any resolution of the Willner Action or the other Fee Actions. It should be noted, however, that in the FDIC's unopposed motion proposing a fairness hearing in the IRS Action (a hearing that was not legally required, but in which Willner actively participated), the FDIC did *not* assert that effectuation of the proposed settlement of the IRS claim was contingent on a majority vote. Rather, the FDIC correctly stated that, although it was important for the Court to learn the views of the shareholders, "approval of a settlement is a judicial act that is committed to the informed discretion of the trial court." Defendant FDIC's Unopposed Motion For a Fairness Hearing,

5

In these circumstances, the FDIC's motion shows, at most, that consolidation *for discovery purposes* may serve the interests of judicial economy. At present, there is no basis for assuming that consolidation for other purposes will serve those interests, and there is a distinct possibility that it would cause prejudice, through delay and otherwise. The FDIC has the burden of proof to justify consolidation,[2] and at this juncture, the FDIC has not shown that consolidation for any purpose other than discovery is warranted.

Plaintiff therefore respectfully submits that, if the Court deems it appropriate to consolidate the Fee Actions in any respect, the actions should at this time be consolidated "for discovery purposes only." *Saleh*, 2006 WL 1805611 at *4. Only upon "the close of discovery," *Martin*, 1989 U.S. Dist. LEXIS 15350 at *5, should the court consider "to what extent, if at all," *id.*, the cases should be consolidated for any other purpose.

### III. To Whatever Extent Consolidation Is Granted, This Case Should Not Be Dismissed, Nor Should the Parties to the Case Be Expanded

The FDIC has asked this Court, if it consolidates the cases, to dismiss the Willner Action and the other Fee Actions, and to make the parties to the Fee Actions parties instead to the Lit. Fund Action.

Rule 42 does not authorize those steps. "Consolidation of cases is 'permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000), quoting *Johnson v. Manhattan Ry Co.*, 289 U.S. 479, 496-97 (1933). *Accord, New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 147 (D.D.C. 2002).

---

Document 30 at 9, *United States v. FDIC*, No. 02-1427 (EGS) (filed Feb. 3, 2006) (quoting *New York v. Microsoft Corp.*, 231 F. Supp. 2d 203, 205 (D.D.C. 2005)).

[2] *See* 9 Wright and Miller, *supra*, 2006 Pocket Part at 224 ("On a motion to consolidate, the moving party bears the burden of proof").

Thus, nothing in the FDIC's motion provides any basis for dismissing the Willner Action, or for making the plaintiffs in the other Fee Actions parties to the Willner Action, or for making Willner a party to the other Fee Actions.

## **CONCLUSION**

Plaintiff Willner does not oppose consolidating this case with Nos. 1:06CV001120 and 1:06CV01273, solely for discovery purposes.  For the reasons stated above, the motion to consolidate should be denied in all other respects.  A proposed Order is attached.

Respectfully submitted,

| | |
|---|---|
| Of Counsel:<br>KELBY D. FLETCHER<br>Peterson Young Putra Fletcher<br>  Knopp & Wampold, P.S.<br>2800 Century Square<br>1501 Fourth Avenue<br>Seattle, WA  98101-1609<br>Tel:   206-624-6800<br>Fax:  206-682-1415 | /s/<br>JEREMIAH A. COLLINS<br>Bredhoff & Kaiser, P.L.L.C.<br>805 15th Street, N.W., Suite 1000<br>Washington, DC  20005<br>Tel:   202-842-2600<br>Fax:  202-842-1888<br><br>*Counsel to Plaintiff Don S. Willner &<br>  Associates, P.C.* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Partial Opposition to Defendant's Motion to Consolidate Cases was electronically filed this 22nd day of August 2006, and notice was automatically generated to Bruce Taylor, Esq., of the FDIC; and that the Memorandum was served by first class mail and facsimile on the following:

1. Thomas Buchanan, Esq.
   Winston & Strawn
   1700 K Street, N.W.
   Washington, DC  20006
   Fax:  202-282-5100

2. William F. Demarest, Esq.
   Blackwell, Sanders, Peper, Martin LLP
   750 17th Street, N.W., Suite 1000
   Washington, DC  20006
   Fax:  202-378-2319

3. Rosemary Stewart, Esq.
   Spriggs & Hollingsworth
   1350 I Street, N.W.
   Washington, DC  20005
   Fax:  202-682-1639

          /s/
Jeremiah A. Collins