UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DON S. WILLNER & ASSOCIATES, P.C.<br>a State of Washington Professional<br>Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, AS RECEIVER FOR<br>THE BENJ. FRANKLIN FS&LA,<br>PORTLAND, OREGON<br><br>Defendant. | Civil Case No. 06-01227 (EGS) |

**REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO DEFENDANT FDIC'S MOTION TO CONSOLIDATE CASES**

The Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), hereby replies to Plaintiff's Memorandum of Points and Authorities in Partial Opposition to Defendant FDIC's Motion to Consolidate Cases, filed August 22, 2006.[1]

This case and the three other related cases identified in the FDIC-Receiver's Motion to Consolidate, filed August 11, 2006, have common questions of law and fact more than sufficient to justify consolidation under Fed. R. Civ. P. 42(a).[2]

---

[1] The Plaintiff's Partial Opposition is referred to as "Pl. Opp."
[2] For convenience, the other three related cases are *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025 (EGS) (*BFS Lit. Fund*); *Winston & Strawn v. FDIC*, No. 1:06CV01120 (EGS) (*Willner*); and *Blackwell Sanders Peper Martin v. FDIC*, No. 1:06CV01273 (EGS) (*Blackwell*). Collectively, this case, *Winston & Strawn*, and *Blackwell* are referred to as "the attorney fee cases."

Briefly, the Plaintiff argues that 1) the questions in the attorney fee cases are not relevant to *BFS Lit. Fund*, 2) the attorney fee cases should be consolidated only for purposes of discovery, because – in essence – the Court need not consolidate cases for all purposes and this case might be more amenable to early disposition than the other cases, and 3) even if the Court consolidates the cases, Fed. R. Civ. P. 42(a) does not authorize the Court to dismiss any cases and add the parties of the dismissed cases to a lead case, as the FDIC-Receiver has requested. The FDIC-Receiver will address the Plaintiff's arguments in the order presented.

### The Attorney Fee Cases Should Be Consolidated With The BFS Lit. Fund Case

The Plaintiff argues that the "only question presented by the Lit. Fund Action is whether the claim for interest should be granted." Pl. Opp. at 3. The Plaintiff argues further that the questions presented in the attorney fee cases "are not relevant to the Lit. Fund Action, which presents a discrete issue as to whether interest should have been paid from the receivership assets. . . ." Pl. Opp. at 4. However, similar to the plaintiff in *BFS Lit. Fund*, the Plaintiff in this case is operating under the erroneous assumption that *BFS Lit. Fund* presents a single, narrow question of law that is unrelated to the attorney fee cases.[3]

In fact, the defenses raised in *BFS Lit. Fund* overlap with the defenses available in the attorney fee cases, as noted below. Consequently, the Plaintiff's assumption that the attorney fee cases do not share relevant legal questions with *BFS Lit. Fund* is erroneous.

### The Cases Should Be Consolidated For All Purposes

The Plaintiff argues that it makes sense to consolidate the attorney fee cases for purposes of discovery but that otherwise it is premature to consolidate them for any other purpose. Pl. Opp. at 4. In support of its position, the Plaintiff notes that Rule 42 allows the Court to

---

[3] As explained in the FDIC's Reply to the plaintiff's opposition to consolidation in *BFS Lit. Fund*, the FDIC-Receiver is not limited to defending *BFS Lit. Fund* solely on the basis of the receivership distribution regulation. *See* FDIC's reply at 2, Doc. 10 in *BFS Lit. Fund*, No. 1:06CV01025 (EGS).

consolidate cases for some purposes and not for others and that the Court should postpone any decision to consolidate the cases for other purposes until discovery is completed.  Pl. Opp. at 4-6.  However, the attorney fee cases and *BFS Lit. Fund* involve enough common questions of law and fact to justify immediate consolidation for all purposes.  There is no reason to make piecemeal decisions regarding the extent of consolidation.

As the FDIC-Receiver noted in its Motion to Consolidate in this case, filed August 11, 2006,[4] and in its reply to plaintiff's opposition in *BFS Lit. Fund*, filed August 23, 2006,[5] the subject cases share the following common elements that justify consolidation:

1. Common Genesis – The cases all relate to and arise from the settlement of the IRS tax claim against the receivership in *United States v. FDIC*, No. 1:02CV01427 (IRS Case).

2. Common Defendant – the FDIC, as Receiver for The Benj. Franklin FS&LA.

3. Common Mixed Questions of Law and Fact – It is not merely the fact that the cases arise from the settlement of the IRS Case and involve the same defendant that links them.  Common questions of law and fact or mixed law and fact bind them together.
In each case, the FDIC-Receiver has raised – or will raise – defenses common to all four cases, including satisfaction and lack of entitlement under prevailing common law principles.[6]  In each case, the Court must decide whether the payments to the plaintiffs in conjunction with the settlement were fair and reasonable – as contemplated by the

---

[4] Doc. 3, No. 1:06CV01227 (EGS).
[5] Doc. 10, No. 1:06CV01025 (EGS).
[6] *See* FDIC's answer at 8-9, Doc. 6, No. 1:06CV01025 (EGS), and FDIC's answer at 13, Doc. 4, No. 1:06CV01120 (EGS).  Answers in this case and *Blackwell* are not yet due, but the FDIC-Receiver expects to raise the same defenses in those cases.

settlement – such that the plaintiffs are barred from additional recovery from the receivership surplus.[7]

In each case, the Court must decide whether the plaintiff is entitled to additional payment from the receivership surplus under prevailing common law principles that govern the right to attorney fees and interest. Subsumed in this issue are questions regarding the purpose and terms of any applicable contracts, the expectations of the plaintiffs with respect to the recovery of fees and interest, and whether any contracts are binding on the entire class of shareholders and the FDIC-Receiver.

4. Common Witnesses – Richard Gill, Don Willner, Robert Suess, Rosemary Stewart, and others, all possess information relevant to all the cases.[8]

5. Judicial Economy – Consolidation almost certainly will tend to avoid unnecessary costs and delay. For instance, the Court has already ordered separate initial scheduling conferences in *BFS Lit. Fund* and *Winston & Strawn* and as things now stand will order separate initial scheduling conferences in this case and *Blackwell*. Consolidation would avoid the need for separate conferences and other duplicative proceedings.[9]

---

[7] As noted, the Plaintiff in this case argues that the attorney fee cases "present questions as to the contributions made by various claimant attorneys to the preservation of receivership assets" that "are not relevant to the Lit. Fund Action." Pl. Opp. at 4. However, as noted, similar to the plaintiff in *BFS Lit. Fund*, the Plaintiff's view in this case is too narrow. While the plaintiffs in the attorney fee cases are seeking additional legal fees and the plaintiff in *BFS Lit. Fund* is seeking interest, all the plaintiffs are seeking substantially the same thing, regardless of how it is labeled: additional payment beyond what the FDIC-Receiver considered reasonable under the settlement and applicable law. The requests for relief in all four cases arise from the settlement in the IRS Case and turn on whether the FDIC-Receiver has satisfied any obligations it had under the settlement or whether applicable law entitles the parties to additional payment from the receivership surplus either for legal fees or what amounts to interest on legal fees.

[8] *See* FDIC's Motion to Consolidate in this case at 6-9, Doc. 3, No. 1:06CV01227 (EGS).

[9] The Plaintiff maintains that "[i]t is premature to attempt to determine what procedures should be followed to finalize any resolution" of the cases, particularly with regard to any notice to shareholders, noting that such notice is not required. Pl. Opp. at 5 n. 1, with reference to FDIC Motion at 9. First, despite the mandatory nature of the language used by the FDIC-Receiver in its Motion to Consolidate, the FDIC-Receiver agrees that a notice to shareholders is not required. There is no question that the Court

The Plaintiff also argues that "one or more of these actions – particularly the Willner Action – may prove amenable to settlement, or to summary judgment, while others may not." Pl. Opp. at 5. The FDIC-Receiver does not believe that this case is substantially more likely to settle than any other case. Nor does the FDIC-Receiver believe that this case is substantially more likely to be decided by summary judgment in advance of any other case. In any event, if the cases are consolidated and one claim is resolved more timely than the others, the Court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . .upon an express determination that there is no just reason for delay. . . ." Fed. R. Civ. P. 54(b).

Consolidation of this case, *BFS Lit. Fund*, *Winston & Strawn*, and *Blackwell* makes eminent sense and is well within the discretion of the Court.

### Upon Consolidation, The Court May Also Designate A Lead Case, Dismiss the Others, and Add All Parties to the Lead Case

Finally, the Plaintiff argues that Rule 42 does not authorize the FDIC-Receiver's request that the Court designate *BFS Lit. Fund* as the lead case, dismiss the other cases, and add the parties in the other cases to the lead case. The FDIC-Receiver believes that the broad discretion provided by Rule 42(a) allows the Court to take such measures. This belief is supported by Point

---

may decide the cases in accordance with the facts and applicable law with or without notice to the shareholders. The FDIC-Receiver is suggesting only that the court may want to poll the shareholders before ruling on the disputed claims in the subject cases, as we did with respect to the settlement of the IRS Case. If so, one notice covering all the claims would be more efficient and less costly. On the other hand, as the FDIC-Receiver noted in its reply to the BFS Lit. Fund's opposition to consolidate, *see* Doc. 10 at 4, No. 1:06CV01025 (EGS), if the Court determines that it is unnecessary to poll the shareholders before deciding the cases, the issue of shareholder notice will cease to be relevant. Even so, as noted, there are ample other reasons to consolidate all the cases.

5

22 of the Court's Civil ECG Filing Pointers,[10] upon which the FDIC-Receiver based its request, and which provides:

> **DOCKETING TO CONSOLIDATED CASES** - When docketing in a lead consolidated case, a filer will be asked if they wish to **spread** the docketing text to other associated cases. **Spread** means to docket once in the lead case (lowest case number) and to spread the docket entry text automatically to the associated cases. Individual judges may issue orders regarding how to file in consolidated cases. If not, you should assume that your docket text should be spread to all associated cases. *Consolidated cases are typically handled in two distinct manners. The first, and most preferable, is to have the Court dismiss the associated cases, if appropriate, and to direct the Clerk to add the parties from the various associated cases to the lead case.* The parties then can be selected as filers. In the second method, docketing will occur in the lead case and docket entry text will be spread to all member cases. If you situation calls for spreading docket entry text, please refer to the items below.
>
> > **a) TO SPREAD DOCKET ENTRY TEXT:** Docketing must be done in the lead case. You will be asked if you wish to spread the docket entry text. If you answer Yes, the docket entry text will automatically spread to the member case(s).
> >
> > **b) DOCKETING A PLEADING IN AN ASSOCIATED CASE:** If you must docket a pleading to an associated case, you will not receive an option to spread the docket entry test and will be filing in that case only.

(Bold and underline in the original. Italics added).

Point 22 of the Court's ECF Civil Filing Pointers indicates that designating a lead case, dismissing the associated cases, and adding the parties from the associated cases to the lead case is authorized and considered the most preferable method for administering consolidated cases. If the Court consolidates the subject cases, the method described appears to offer the simplest and most efficient way to administer them. The FDIC-Receiver fails to see how administering the cases in the manner described will prejudice the substantive rights of the Plaintiff or the other parties.

---

[10] Undersigned counsel was remiss in failing to cite to the Court's Civil ECF Filing Pointers in its Motion to Consolidate and apologizes to the Plaintiff and the Court for the oversight.

**Conclusion**

For the foregoing reasons, the FDIC-Receiver reiterates its request that the Court consolidate this case, *BFS Lit. Fund*, *Winston & Strawn*, and *Blackwell*.

Respectfully submitted,

Dated:  August 25, 2006                 /s/ Bruce C. Taylor
                                        Bruce C. Taylor
                                        Federal Deposit Insurance Corporation
                                        550 17th Street, NW
                                        Room VS-E7118
                                        Washington, DC 20429
                                        (703) 562-2436 (Telephone)
                                        (703) 562-2478 (Facsimile)

                                        Counsel for Federal Deposit Insurance Corporation,
                                        as Receiver for The Benj. Franklin FS&LA