UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DON S. WILLNER & ASSOCIATES, P.C.**<br>a State of Washington Professional<br>Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE<br>CORPORATION, AS RECEIVER FOR<br>THE BENJ. FRANKLIN FS&LA,<br>PORTLAND, OREGON**<br>550 17TH STREET, NW<br>WASHINGTON, DC 20429<br><br>                    Defendant. | Civil Case No. 06-01227 (EGS) |

## ANSWER

The Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), answers the complaint of Don Willner & Associates (Plaintiff, or Willner, or the Willner firm) as follows:

**Nature of the Case**

1. FDIC-Receiver admits the averments of Paragraph 1 of the Complaint concerning the statutory basis and nature of the case but denies the averments insofar as they imply, contend, or conclude that the Plaintiff is entitled to the relief requested. Further, the FDIC-Receiver qualifies its answer as follows: Willner was allowed to file a "claim" in the Benj. Franklin receivership as an accommodation in conjunction with the settlement of outstanding lawsuits, in particular the settlement of a $1.2 billion tax claim against the receivership estate. *See United*

*States v. FDIC*, Civil Case No. 02-1427 (EGS) (D.D.C.); Doc. 30, Feb. 3, 2006, Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities and Exhibit A thereto, Notice To All Current Shareholders Of Benj. Franklin Federal Savings & Loan Association.  The foregoing qualification is incorporated by reference in each Paragraph of the Answer.

## Parties

2.    FDIC-Receiver assumes the truth of the averments of Paragraph 2 of the Complaint concerning the nature of the Plaintiff's business.

3.    For its answer to the averments of Paragraph 3 of the Complaint, the FDIC-Receiver submits the following:  The Federal Deposit Insurance Corporation was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities.  *See* 12 U.S.C. § 1819; 12 U.S.C. §§ 1821(a) and (c); and 12 U.S.C. § 1823(d)(3).  In this action, the FDIC-Receiver is being sued in its capacity as Receiver for Benj. Franklin FS&LA, as statutory successor to the Resolution Trust Corporation, as Receiver for Benj. Franklin FS&LA, as provided by 12 U.S.C. § 1441a(m)(1).

## Jurisdiction and Venue

4.    FDIC-Receiver admits that the Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(6).

5.    FDIC-Receiver admits the averment of Paragraph 5 of the Complaint that the Plaintiff has complied with all procedural prerequisites.

6.    FDIC-Receiver admits that the Court may exercise personal jurisdiction over the FDIC-Receiver.

7.    FDIC-Receiver admits that venue is proper.

**Factual Assertions**

8.  FDIC-Receiver admits the averments of Paragraph 8 of the Complaint concerning the receivership of Benj. Franklin FS&LA, with the following clarifications. On or about February 21, 1990, the Office of Thrift Supervision (OTS) closed Benj. Franklin and appointed the Resolution Trust Corporation (RTC) as conservator. On or about September 7, 1990, the OTS replaced the RTC as conservator with the RTC as receiver. On January 1, 1996, the FDIC-Receiver succeeded the RTC as receiver by operation of law pursuant to 12 U.S.C. § 1441a(m)(1).

9.  FDIC-Receiver admits the averments of Paragraph 9 of the Complaint with the qualification that the Claims Court Action is a derivative action not a class action. Further, the best evidence of the nature and scope of the Claims Court Action is the record in that case.

10. FDIC-Receiver admits the averments of Paragraph 10 of the Complaint that Plaintiff or its principal, Don S. Willner, or its predecessor law firms, are and have been the only attorneys of record in the Claims Court Action, with the qualification that other attorneys have participated in the Claims Court Action as of counsel, but otherwise denies that the averment is relevant to this action.

11. The averments of Paragraph 11 of the Complaint address matters related to the Claims Court Action and do not require an answer. To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.

12. For its answer to the averments of Paragraph 12 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that the IRS submitted a proof of claim to the FDIC-Receiver for a $1.2 billion tax liability. The FDIC-Receiver admits that the receivership surplus would have been depleted if the tax claim had been upheld in full.

13.    For its answer to the averments of Paragraph 13 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that the FDIC sent the referenced letter dated June 6, 2002, but denies that the letter is relevant to this case.  The letter is the best evidence of the statements contained therein.

14.    The averments of Paragraph 14 address matters related to the Oregon Action and do not require an answer.  To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.

15.    For its answer to the averments of Paragraph 15 of the Complaint, the FDIC-Receiver submits the following:  The averments related to the Oregon Action do not require an answer.  To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.  The FDIC-Receiver admits that it agreed to provide notice before making any tax payments.  The FDIC-Receiver admits that it did not make any tax payments until the settlement described in Paragraphs 17-19 of the Complaint.

16.    FDIC-Receiver denies the averments of Paragraph 16 of the Complaint as worded.  Otherwise, the FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments insofar as they speculate as to what would or would not have happened with respect to the FDIC-Receiver's handling of the tax liability.

17.    For its answer to the averments of Paragraph 17 of the Complaint, the FDIC-Receiver submits the following:  The averments related to *United States v. FDIC*, No. 1:02CV01427 (IRS Case) do not require an answer.  To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.  The FDIC-Receiver admits that a settlement was reached in the IRS Case but denies any implication, contention, or conclusion that the Plaintiff is entitled to the relief requested.

18.     The FDIC-Receiver denies the averments of Paragraph 18 of the Complaint as worded.  The FDIC-Receiver advocated the lowest possible tax under applicable law – a position that facilitated the ultimate settlement of the IRS Case.  On the other hand, the Plaintiff advocated a scenario that was unsupported by applicable law and that would not have resulted in a settlement.  The FDIC-Receiver denies that the Plaintiff's efforts were crucial to the settlement and denies any implication, contention, or conclusion that the Plaintiff is entitled to the relief requested.

19.     For its answer to the averments of Paragraph 19 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that as part of the settlement of the IRS Case, the IRS agreed to accept $50 million.  The FDIC-Receiver admits that the receivership estate retained a surplus of about $44 million as a result of the settlement.  The FDIC-Receiver assumes that the receivership surplus will be increased by any recovery in the Claims Court Action, but notes the case is still pending and subject to appeal.  FDIC-Receiver admits that after remaining administrative expenses are paid, there should be a substantial amount available for distribution to the shareholders.  However, the FDIC-Receiver cannot state with certainty what amount will be distributed to all shareholders because of the Plaintiff's claim for a fee enhancement of $782,110 from the surplus, in addition to the $224,525 it has already received from the Benj. Franklin Shareholders Litigation Fund (BFS Lit. Fund) and the FDIC-Receiver, as well as the claims in the following related actions in this Court:  1) *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025, in which the plaintiff is seeking $1.5 million to $3 million in interest on the $3 million it has already received from the FDIC-Receiver, 2) *Winston & Strawn v. FDIC*, No. 1:06CV01120, in which the plaintiff law firm seeks to recover $574,938 from the surplus in addition to the $590,270 it has already received from the BFS Lit. Fund and

5

FDIC-Receiver; and 3) *Blackwell Sanders Peper Martin, LLP, and Ernest M. Fleischer v. FDIC*, No. 1:06CV01273, in which the plaintiffs seek to recover an estimated $2 million from the surplus in addition to the $89,465 that Mr. Fleischer has already received from the FDIC-Receiver.

      20.     FDIC-Receiver denies the averments of Paragraph 20 of the Complaint that the Plaintiff's efforts were essential to preserving the surplus and that the Plaintiff played a crucial role in the settlement process and denies any implication, contention, or conclusion that the Plaintiff's participation in the settlement negotiations entitles him to the relief requested.

      21.     FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 21 of the Complaint that Don Willner has devoted about 8,000 hours representing shareholders. The FDIC-Receiver admits that Willner submitted a request for payment for about 1031 hours identified as related to the tax settlement.

      22.     For its answer to the averments of Paragraph 22 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that the Plaintiff received $101,793.90 from the BFS Lit. Fund for work related to the tax issue (as well as an additional $122,731.44 from the FDIC-Receiver). The FDIC-Receiver contends that the aforesaid payments are fair and reasonable compensation for the Plaintiff's services. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments related to any understanding and agreement between the Plaintiff and his shareholder clients and denies that any such agreements are binding on the FDIC-Receiver or the entire class of shareholders.

23. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 23 of the Complaint regarding any risk assumed by the Plaintiff under any fee arrangement.

24. FDIC-Receiver admits the averments of Paragraph 24 of the Complaint that in its proof of claim to the FDIC-Receiver the Plaintiff requested attorney fees of $541,327.50, plus a fee enhancement, minus the $101,793.90 previously paid to the Plaintiff by the BFS Lit. Fund.

25. FDIC-Receiver admits the averments of Paragraph 25 of the Complaint that in its proof of claim to the FDIC-Receiver the Plaintiff also requested additional amounts for consultant's fees and travel expenses.

26. FDIC-Receiver admits the averment of Paragraph 26 of the Complaint that the FDIC-Receiver partially allowed and partially disallowed the Plaintiff's proof of claim by a letter dated May 19, 2006, and admits that Ex. 2 appears to be a copy of the referenced letter.

27. FDIC-Receiver admits the averments of Paragraph 27 of the Complaint that it allowed the Plaintiff's proof of claim to the extent of 842.35 hours at an hourly rate of $250.

28. FDIC-Receiver admits the averments of Paragraph 28 of the Complaint that the allowed portion of the Plaintiff's proof of claim amounts to less than .5% of the $44 million that remained in the receivership surplus as a result of the settlement of the IRS Case but denies that the averment is relevant to this action and denies any implication, contention, or conclusion that the Plaintiff is entitled to the fee enhancement requested or that a fee enhancement is reasonable in this case.

29. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29 of the Complaint regarding the Plaintiff's career.

30.     On information, the FDIC-Receiver admits the averment of Paragraph 30 of the Complaint that an hourly rate of $250 appears to be about half of the prevailing rate for some attorneys practicing in the District of Columbia – including the rates of other attorneys who participated in the settlement discussions in the IRS Case – but denies that the averment is relevant to this action and denies any implication, contention, or conclusion that the Plaintiff is entitled to the fee enhancement requested or that a fee enhancement is reasonable in this case.

31.     On information, the FDIC-Receiver admits the averment of Paragraph 31 of the Complaint that an hourly rate of $250 appears to be about half of the prevailing rate for some attorneys practicing in Portland, Oregon, but denies that the averment is relevant to this action and denies any implication, contention, or conclusion that the Plaintiff is entitled to the fee enhancement requested or that a fee enhancement is reasonable in this case.

32.     FDIC-Receiver admits the averment of Paragraph 32 of the Complaint that the Plaintiff failed to prove to the FDIC-Receiver's satisfaction that it was entitled to payment for 188.75 hours included in the Plaintiff's proof of claim and denies that the Plaintiff is entitled to recover any payment for those hours.

33.     FDIC-Receiver admits the averment of Paragraph 33 of the Complaint that it disallowed a $2,700 consultant's fee for time spent working on the Plaintiff's proof of claim for attorney's fees.

34.     FDIC-Receiver admits the averment of Paragraph 34 of the Complaint that it disallowed $1,204.14 in travel expenses for two former officers of Benj. Franklin FS&LA.

## FIRST CLAIM FOR RELIEF

### Determination of Claim for Reasonable Attorney's Fees and Expenses Under 12 U.S.C. § 1821(d)(6)

35.     FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1-34 of the Complaint.

36.     FDIC-Receiver admits the averment of Paragraph 36 of the Complaint that the Plaintiff has complied with all procedural prerequisites to this action.

37.     FDIC-Receiver denies the averment of Paragraph 37 of the Complaint that the Plaintiff's efforts were crucial to the settlement of the IRS Case that resulted in $44 million remaining in the receivership surplus after payment to the IRS.

38.     FDIC-Receiver denies the averment of Paragraph 38 of the Complaint that the Plaintiff performed the major role in preserving the receivership surplus and denies that his participation in the settlement entitles him to a percentage of the receivership surplus as attorney's fees or expenses.

39.     FDIC-Receiver denies the averment of Paragraph 39 of the Complaint that the Plaintiff is entitled to a total fee of $880,000.

40.     FDIC-Receiver denies the averment of Paragraph 40 of the Complaint that the Plaintiff's request for a total fee of $880,000 is reasonable.

41.     FDIC-Receiver denies the averment of Paragraph 41 of the Complaint that the Plaintiff is entitled to an hourly rate of $525 or a fee enhancement in any amount.

42.     FDIC-Receiver denies the averment of Paragraph 42 of the Complaint that the Plaintiff is entitled to a fee enhancement in any amount.

43.     FDIC-Receiver admits the averments of Paragraph 43 of the Complaint that the fees requested by the Plaintiff and other attorneys constitute a relatively small percentage of the remaining receivership surplus but denies that the averment is relevant to this case and denies any implication, contention, or conclusion that the Plaintiff is entitled to a fee enhancement.

44.     FDIC-Receiver denies the averment of Paragraph 44 of the Complaint that the Plaintiff is entitled to a fee payment of at least $880,000.

45.     FDIC-Receiver denies the averment of Paragraph 45 of the Complaint that the request for $2,700 in consultants' fees for services related to the preparation of the Plaintiff's request for attorney's fees is reasonable.

46.     FDIC-Receiver denies the averment of Paragraph 46 of the Complaint that the request for $1,204.14 in travel expenses for two former officers of Benj. Franklin FS&LA is reasonable.

### SECOND CLAIM FOR RELIEF

### Quantum Meruit

47.     FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1-46 of the Complaint.

48.     FDIC-Receiver denies the averment of Paragraph 48 of the Complaint that but for the Plaintiff's services the receivership surplus would have been depleted.

49.     In answer to the averments of Paragraph 49 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver invited the Plaintiff to participate in settlement discussions between the FDIC-Receiver and the IRS related to the IRS Case.  The Plaintiff did not represent a party to the IRS Case and did not enter an appearance in that case.  The FDIC-Receiver acknowledges that the Plaintiff participated in the settlement discussions.  However,

FDIC-Receiver denies that the Plaintiff's participation was crucial to settlement of the IRS Case and that Plaintiff's participation entitles him to the relief requested.

50. In answer to the averments of Paragraph 50 of the Complaint, the FDIC-Receiver submits the following: As an accommodation in conjunction with the settlement of the IRS Case, the FDIC-Receiver agreed to pay the Plaintiff reasonable fees related to his services in connection with the settlement. The Plaintiff has already received a total payment of $224,525 for his services, which is reasonable under the circumstances.

51. FDIC-Receiver denies the averment of Paragraph 51 of the Complaint that the Benj. Franklin receivership and the shareholders will be unjustly enriched at the expense of the Plaintiff if the Plaintiff is not awarded the relief requested.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The FDIC-Receiver paid the Willner firm fair and reasonable compensation of $122,731.44 – in addition to the $101,793.90 the firm received from the BFS Lit. Fund – and has thus satisfied any obligation it otherwise may have had to the Willner firm.

3. To the extent the Willner firm is requesting interest on any fees or expenses, the firm's claim is barred by applicable receivership law. Specifically, 12 C.F.R. § 360.3 (2006) (applicable to receiverships established before August 10, 1993) allows interest only on withdrawable accounts and other claims that have accrued and become unconditionally fixed as of the date the receivership is established. The allowed portion of the Willner firm's proof of claim is appropriately treated as an administrative expense of the FDIC-Receiver that is not entitled to interest, by the express terms of 12 C.F.R. § 360.3.

4.      Under prevailing common law principles, the Willner firm is not entitled to a fee enhancement or interest on the $224,525 already paid to the firm for attorney's fees and expenses or for any accrued fees and expenses for which it has not yet received payment.

Wherefore, Defendant FDIC-Receiver requests the Court to dismiss the Complaint, with prejudice, and grant the FDIC-Receiver any and all other relief allowed by law.

Respectfully submitted,

Dated: September 7, 2006                    /s/ Bruce C. Taylor
                                            Bruce C. Taylor
                                            Federal Deposit Insurance Corporation
                                            550 17th Street, NW
                                            Room VS-E7118
                                            Washington, DC 20429
                                            (703) 562-2436 (Telephone)
                                            (703) 562-2478 (Facsimile)

                                            Counsel for Federal Deposit Insurance Corporation,
                                            as Receiver for The Benj. Franklin FS&LA