UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DON S. WILLNER & ASSOCIATES, P.C., a State of Washington Professional Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:06CV01227 (EGS) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Benj. Franklin Federal Savings and Loan Association, Portland, Oregon, | ) ) ) ) ) ) | |
| Defendant. | ) | |

**JOINT REPORT OF THE PARTIES
PURSUANT TO LOCAL RULE 16.3**

Pursuant to LCvR 16.3 and this Court's Order For Initial Scheduling Conference dated September 7, 2006, counsel for plaintiff Don S. Willner & Associates, P.C. (the "Willner Firm") and defendant Federal Deposit Insurance Corporation ("FDIC") have conferred and submit this joint report.

### I.     Brief Statement of the Case

This is an action pursuant to 12 U.S.C. § 1821(d)(6) for *de novo* review of a claim by the Willner Firm, submitted to the FDIC pursuant to 12 U.S.C. § 1821(d)(5) and granted in part and denied in part by the FDIC, for fees and expenses to compensate the Willner Firm for legal services rendered to the Benj. Franklin Federal Savings and Loan Administration and its shareholders in connection with the settlement of a tax claim and the preservation of a common fund.

Plaintiff contends that the amount that the FDIC agreed to pay to the Willner Firm was inadequate under governing caselaw applicable to common fund fee awards, and that even if a "lodestar" approach were applicable, the FDIC based its payment on an inappropriately low hourly rate and excluded from the payment a substantial number of compensable hours and expenses.

The FDIC contends that it paid the Plaintiff and other legal providers reasonable fees and expenses as an accommodation and in connection with the settlement of the tax claim. The FDIC believes that it satisfied any obligation it may have had to the Plaintiff with respect to any services rendered in connection with the settlement by paying the Plaintiff $122,731.44.  The FDIC does not believe that the Plaintiff's request for additional compensation is justified under the circumstances presented and applicable receivership law and believes that the additional fees requested by the Plaintiff should be distributed to the shareholders of the former Benj. Franklin FS&LA.

## II.     Report on Rule 16.3 Topics

The parties make the following joint reports and recommendations:

1.     The case is not likely to be disposed of by dispositive motion, other than by summary judgment as discussed in Topic 6.

2.     Joinder of parties and amendment of pleadings is not anticipated, but any such filings should be completed by October 13, 2006.  It is not practicable to agree upon or to narrow the factual or legal issues.

3.     The case should not be assigned to a magistrate judge.

4.     There is a realistic possibility of settling the case, but settlement is not probable at this time.

5. Counsel have discussed ADR with their clients. The parties do not believe that the case would benefit from ADR at this time, but the parties intend to consider the possibility of ADR after certain discovery has been taken.

6. The parties believe that it may be possible to resolve this case by summary judgment, but that a schedule for summary judgment proceedings can best be set after some formal or informal discovery has been taken. The parties propose that they report further to the Court regarding this subject by October 31, 2006.

7. The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.C.P.

8. The parties anticipate that discovery will include between five and ten depositions, and that document discovery, interrogatories and/or requests for admissions will not be extensive. The parties propose that all discovery be concluded by December 29, 2006. The parties do not propose that any special limits be placed on discovery. The parties are in agreement that discovery should be used only for the purpose of this litigation, pending further order of the Court or agreement of the parties with respect to the Motion to Consolidate Cases referred to in Topic 14. The parties do not see a need for a protective order at this time.

9. The parties do not propose any modification of the requirements of Rule 26(a)(2), F.R.Civ.P. Although neither party has determined whether it will use an expert, the parties propose that, for any experts the parties may use at trial, the disclosures required by Rule 26(a)(2)(A) and (B) be made by November 24, 2006, and any depositions of experts be concluded by December 29, 2006.

10. This is not a Rule 23 action.

11. The proceedings should not be bifurcated or managed in phases.

12. The parties suggest that the pretrial conference be conducted in February 2007 if the Court's calendar permits, assuming the case has not yet been decided on motions.

13. The parties request that the Court set a firm trial date at the first scheduling conference, and that the trial be set for March or April 2007 if the Court's calendar permits, assuming the case has not yet been decided on motions.

14. The parties note that a Motion to Consolidate Cases is pending. The parties' positions with respect to consolidation are as stated in their submissions with respect to that motion.

### III. Proposed Discovery Plan

The parties propose that all discovery, including as to experts, be completed by December 29, 2006.

Date: September 27, 2006                          Respectfully submitted,


/s/ Bruce C. Taylor                               /s/ Jeremiah A. Collins
BRUCE C. TAYLOR                                   JEREMIAH A. COLLINS
Federal Deposit Insurance Corp.                   Bredhoff & Kaiser, P.L.L.C.
550 17th Street, N.W.                             805 15th Street, N.W., Suite 1000
Room VS – E7118                                   Washington, DC  20005
Washington, DC  20429                             Tel:   202-842-2600
Tel:   703-562-2436                               Fax:   202-842-1888

Counsel for Defendant                             Counsel for Plaintiff