# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WINSTON & STRAWN LLP** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **FEDERAL DEPOSIT INSURANCE** ) | |
| **CORPORATION, AS RECEIVER FOR** ) | Civil Case No. 06-01120 (EGS) |
| **THE BENJ. FRANKLIN FS&LA,** ) | |
| **PORTLAND, OREGON** ) | |
| **550 17TH STREET, NW** ) | |
| **WASHINGTON, DC 20429** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER OF FDIC

The Federal Deposit Insurance Corporation, as Receiver for Benj. Franklin FS&LA (FDIC-Receiver), answers the Complaint of Winston & Strawn LLP (W&S or the firm) as follows:

### Nature of This Case

1. In answer to the averments of Paragraph 1 of the Complaint, the FDIC-Receiver submits the following partial admissions, partial denials, and qualification: The FDIC-Receiver admits that W&S appeared in a breach of contract action against the United States in the United States Court of Federal Claims which resulted in a $34,675,500 judgment in favor of Benj. Franklin FS&LA in June 2002. *See Suess v. United States*, 52 Fed. Cl. 221 (Fed. Cl. 2002) (Goodwill Case). The FDIC-Receiver admits that W&S participated in the settlement of a $1.2 billion tax claim asserted by the IRS in this Court, although it did not represent either party or

enter an appearance in that case. *See United States v. FDIC*, Civil Case No. 02-01427 (IRS Case). The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment that W&S agreed to accept greatly reduced rates related to the Goodwill Case and IRS Case in exchange for a promise that it would receive a success fee if the firm obtained a favorable outcome. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments that the holders of over one-third Benj. Franklin's shares have already approved payment of the specific fees sought and that no shareholder has voiced opposition. The FDIC-Receiver qualifies its answer as follows: W&S was allowed to file a "claim" in the Benj. Franklin receivership as an accommodation in conjunction with the settlement of outstanding lawsuits, in particular the IRS Case. *See United States v. FDIC*, Civil Case No. 02-1427 (EGS) (D.D.C.); Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities (Feb. 3, 2006) and Exhibit A thereto, Notice To All Current Shareholders Of Benj. Franklin Federal Savings & Loan Association. The foregoing qualification is incorporated by reference in each Paragraph of the Answer.

## Parties

2. FDIC-Receiver assumes the truth of the averment of Paragraph 2 of the Complaint that W&S is an Illinois limited liability partnership, with its principal place of business at 35 Wacker Drive, Chicago, IL 60601.

3. In answer to the averments of Paragraph 3 of the Complaint, the FDIC-Receiver submits the following: The Federal Deposit Insurance Corporation was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities. *See* 12 U.S.C. § 1819; 12 U.S.C. §§ 1821(a) and (c); and 12 U.S.C. § 1823(d)(3). In this action, the

FDIC-Receiver is being sued in its capacity as Receiver for Benj. Franklin FS&LA, as statutory successor to the Resolution Trust Corporation (RTC) as Receiver for Benj. Franklin FS&LA, as provided by 12 U.S.C. § 1441a(m)(1).

### Jurisdiction and Venue

4.  FDIC-Receiver admits the averment of Paragraph 4 of the Complaint that the Court has subject matter jurisdiction to review the FDIC-Receiver's disallowance on May 17, 2006, of W&S's request for a success fee, pursuant to 12 U.S.C. § 1821(d)(6).

5.  For its answer to the averment of Paragraph 5 of the Complaint that W&S has complied with all of the relevant procedural mandates prescribed by 12 U.S.C. § 1821, the FDIC-Receiver adopts and incorporates its answer to Paragraph 4. Exhibit 1 appears to be a copy of the FDIC-Receiver's letter partially allowing and partially disallowing the proof of claim submitted by W&S.

6.  FDIC-Receiver admits the averment of Paragraph 6 of the Complaint that the Court may exercise personal jurisdiction over the FDIC-Receiver.

7.  The FDIC-Receiver admits the averment of Paragraph 7 of the Complaint that venue is proper pursuant to 12 U.S.C. § 1821(d)(6).

### Background

8.  The averments of Paragraph 8 of the Complaint address market conditions that are often cited as underlying reasons for the savings and loan crisis and do require an answer.

9.  The averments of Paragraph 9 of the Complaint address some of the measures used to address the savings and loan crisis – primarily by the Federal Home Loan Bank Board (FHLBB), the primary regulator for most savings and loan associations, and the Federal Savings

and Loan Insurance Corporation (FSLIC), the enforcement arm of the FHLBB – and do not require an answer.

10. The averments of Paragraph 10 of the Complaint address the merger in 1982 and acquisition in 1985 that resulted in the creation of supervisory goodwill that is the subject of the Goodwill Case and do not require an answer.

11. The averments of Paragraph 11 of the Complaint address the passage by Congress of the Financial Institutions, Reform, Recovery, and Enforcement Act of 1989 (FIRREA) and do not require an answer.

12. The averments of Paragraph 12 of the Complaint address some of the effects of FIRREA and do not require an answer.

13. FDIC-Receiver admits the averment of Paragraph 13 of the Complaint that federal regulators seized Benj. Franklin FS&LA in February 1990, with the clarification that on or about February 21, 1990, the Office of Thrift Supervision (OTS) closed Benj. Franklin and appointed the Resolution Trust Corporation as conservator.

14. For its answer to the averments of Paragraph 14 of the Complaint, the FDIC-Receiver submits the following: On or about September 7, 1990, the OTS replaced the RTC as conservator with the RTC as receiver. The FDIC-Receiver admits that on or about September 14, 1990, W&S and Don Willner filed the Goodwill Case.

15. FDIC-Receiver admits the averment of Paragraph 15 of the Complaint that on December 31, 1995, it succeeded the RTC as receiver for Benj. Franklin FS&LA, as provided by statute. *See* 12 U.S.C. § 1441a(m)(1). The FDIC-Receiver admits that C. Robert Suess is the first-named plaintiff in the Goodwill Case and assumes that Mr. Suess has played a key role in that case but denies that such facts are relevant to this case.

16. The averments of Paragraph 16 of the Complaint address procedural matters related to the Goodwill Case and do not require an answer. To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.

17. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Complaint with respect to the specific timing or circumstances related to the discovery by W&S of the $1.2 billion tax claim against the Benj. Franklin receivership or the firm's engagement to address the tax liability but acknowledges that W&S reviewed the issue and participated in the settlement of the IRS tax claim, for which it received a total payment of $590,269.46. The FDIC-Receiver denies the averments of Paragraph 17 of the Complaint insofar as they contend, conclude, or imply that W&S is entitled to a success fee.

18. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 18 of the Complaint that W&S agreed to provide the requested services at a greatly reduced rate based on the express understanding that W&S would be paid a success fee in excess of the firm's normal standard rate. The FDIC-Receiver denies the averments of Paragraph 18 insofar as the averments contend, conclude, or imply that W&S is entitled to a success fee.

19. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint with respect to W&S's expertise and reputation. The FDIC-Receiver denies the averments of Paragraph 18 insofar as the averments contend, conclude, or imply that W&S is entitled to the relief requested.

20. The averments of Paragraph 20 of the Complaint address procedural matters related to the Goodwill Case and do not require an answer. To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.

21. The averments of Paragraph 21 of the Complaint address procedural matters related to the Goodwill Case and do not require an answer. To the extent an answer is required, however, the record in that case is the best evidence of the proceedings.

22. In answer to the averments for Paragraph 22 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to the extent of the services enumerated. The FDIC-Receiver denies that W&S took the lead in the negotiations related to the IRS Case or that the services provided by W&S resulted in the success of the negotiations in that case. The FDIC-Receiver denies the averments of Paragraph 22 insofar as the averments contend, conclude, or imply that W&S is entitled to the relief requested.

23. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 of the Complaint with respect to the alleged risk assumed by W&S. The FDIC-Receiver denies the averments of Paragraph 18 insofar as the averments contend, conclude, or imply that W&S is entitled to the relief requested.

24. In answer to the averments for Paragraph 24 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment that the novel and complex nature of the issues presented in the Goodwill Case and the IRS Case increased W&S's risk. The best evidence of the basis for the tax claim asserted by the IRS in the IRS Case is the record in that case. The FDIC-Receiver admits that the issues presented in the IRS Case were novel and complex but denies any

contention, conclusion, or implication that W&S is entitled to a success fee under the facts and circumstances presented.

25. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 with respect to any risk assumed by W&S. The FDIC-Receiver avers that W&S has been paid a total of $590,269.46 as reasonable fees and expenses for its services, rather than $189,456.76, as averred in Paragraph 25. The FDIC-Receiver denies the averments of Paragraph 18 insofar as the averments contend, conclude, or imply that W&S is entitled to the relief requested.

26. FDIC-Receiver admits the averment of Paragraph 26 of the Complaint that W&S filed a proof of claim on November 17, 2006.

27. FDIC-Receiver admits the averments of Paragraph 27 of the Complaint that the FDIC-Receiver allowed W&S to recover attorney's fees equivalent to the firm's standard hourly rates but denied W&S's request for a success fee.

28. FDIC-Receiver admits the averment of Paragraph 28 of the Complaint that 12 U.S.C. § 1821(d)(6)(A)(ii) entitles W&S to *de novo* review of the disallowed portion of the firm's proof of claim but denies that W&S is entitled to the relief requested.

## FIRST CLAIM FOR RELIEF

### Determination of Claim for Reasonable Attorney's Fees under 12 U.S.C. § 1821(d)(6)

29. FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1 - 29 of the Complaint.

30. FDIC-Receiver admits the averments of Paragraph 30 of the Complaint that W&S has complied with the relevant administrative claims procedures and is entitled to *de novo* review of the disallowed portion of its proof of claim.

7

31.     FDIC-Receiver denies the averment of Paragraph 31 of the Complaint that the fees sought by W&S are reasonable and fair and denies the averment that awarding the requested relief will not create a windfall for W&S.

32.     FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32 with respect to the characterization that W&S expended vast resources and applied unique expertise that ultimately helped to settle the $1.2 billion tax claim in the IRS Case. The FDIC-Receiver admits that W&S participated in the negotiations that ultimately resulted in the settlement of the IRS Case but denies that W&S's participation entitles the firm to a fee enhancement or success fee.

33.     FDIC-Receiver denies the characterization of the averment of Paragraph 33 of the Complaint that the $1.2 billion tax claim settled as a "direct result" of W&S's efforts. The FDIC-Receiver admits that tens of millions of dollars should be available for distribution to the shareholders of Benj. Franklin FS&LA but denies any contention, conclusion, or implication that W&S is entitled to the relief requested because such funds are available.

34.     In answer to the averments of Paragraph 34 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment that W&S's standard hourly rates were consistent with the prevailing rates for attorneys in Washington D.C. offering similar services. In any event, W&S has received payment at its standard hourly rates. The FDIC-Receiver denies any contention, conclusion, or implication of the averments of Paragraph 34 of the Complaint that W&S is entitled to a success fee.

35.     FDIC-Receiver admits the averments of Paragraph 35 of the Complaint that the FDIC-Receiver allowed W&S's proof of claim for all but 15.5 hours at the firm's standard hourly

rates. The FDIC-Receiver avers that W&S has already received fair and reasonable compensation and is not entitled to the success fee requested.

36. FDIC-Receiver admits the averments of Paragraph 36 of the Complaint that the success fees sought by W&S constitute about 2.75 % of the estimated remaining receivership surplus of $42 million and that 2.75 % is lower than percentage-based contingency awards routinely sustained as reasonable by courts in this and other jurisdictions but denies that the averments are relevant to this action and denies any contention, conclusion, or implication that W&S is entitled to the success fee requested or that a success fee is reasonable in this case.

37. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37 of the Complaint that any fee agreement between W&S and the Benj. Franklin shareholder plaintiffs was expressly premised on the understanding that W&S would be paid a success fee if the firm achieved a successful outcome in the IRS dispute.

38. For its answer to the averments of Paragraph 38 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver denies the implication or characterization that W&S achieved a successful outcome to the $1.2 billion IRS Case. W&S participated in the negotiations and discussions leading to the settlement of that case, but the FDIC-Receiver denies that the participation of W&S resulted in the settlement or entitles W&S to a success fee. FDIC-Receiver admits that Exhibit 2 appears to be declarations of support from individuals holding over one-third of the outstanding shares of Benj. Franklin stock but denies that the declarations entitle W&S to a success fee.

39. For its answer to the averments of Paragraph 39 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver admits that the records available to it indicate

that a substantial portion of the work performed by W&S was completed in 1998 and 1999. FDIC-Receiver denies that W&S is entitled to interest on any fees regardless of when the firm rendered its services and denies the relevance of any averment regarding interest. FDIC-Receiver denies the averment that W&S will not recover a success fee if the court grants the firm's request for relief, as that is precisely what the firm is requesting. *See* Complaint, 13. FDIC-Receiver similarly denies the averment that W&S is actually seeking less than a doubling of its fees, because that is precisely what the firm is requesting. *Id.*

40. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 40 of the Complaint that W&S would not have undertaken the services referred to if it were only offered a success incentive equivalent to the substantially delayed payment of its standard professional fees.

41. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 41 of the Complaint that W&S has not been compensated in any way for the risk it assumed by representing Benj. Franklin at substantially reduced rates.

## SECOND CLAIM FOR RELIEF

### Quantum Merit

42. FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1 - 42 the Complaint.

43. FDIC-Receiver denies the averment of Paragraph 43 that all the relevant facts, taken together, demonstrate that W&S deserves to fully recover what it is requesting.

44. For its answer to Paragraph 44 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver admits that W&S rendered valuable services to Benj. Franklin's

shareholders and the Benj. Franklin receivership but notes that W&S received an aggregate payment of $590,269.46 for such services. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to the characterization that W&S committed extensive resources and applied unique expertise to the subject issues. FDIC-Receiver admits that W&S participated in the negotiations that ultimately resulted in the settlement of the IRS Case but denies that W&S's participation resulted in the settlement or that its participation entitles the firm to a fee enhancement or success fee. The FDIC-Receiver admits that tens of millions of dollars should be available for distribution to the shareholders of Benj. Franklin FS&LA but denies any contention, conclusion, or implication that W&S is entitled to the relief requested because such funds are available.

45. FDIC-Receiver admits the averment of Paragraph 45 that it benefited from the services rendered by W&S and notes again that the FDIC-Receiver paid W&S $400,812.75 for those services – in addition to the $189,456.71 the firm received from the BFS Lit. Fund – as fair and reasonable fees in conjunction with the settlement of the IRS Case. The FDIC-Receiver denies the averment that W&S is seeking payment from the FDIC-Receiver; in actuality W&S is seeking payment from the shareholders of Benj. Franklin FS&LA, because any payment would come from the remaining receivership surplus.

46. FDIC-Receiver denies the averments of Paragraph 46 of the Complaint insofar as they contend, conclude, or imply that W&S's services effectuated a favorable resolution of the IRS Case and entitle the firm to a success fee.

47. FDIC-Receiver denies the general averment of Paragraph 47 of the Complaint that Benj. Franklin's shareholder plaintiffs and the FDIC-Receiver were provided with reasonable notice that W&S expected to be paid for its services to the extent W&S implies that

the shareholders and the FDIC-Receiver knew that W&S expected to be paid a success fee and denies that a success fee is fair and reasonable. In further answer to subparagraphs (i) through (iv) of Paragraph 47, the FDIC-Receiver submits the following:

> (i) FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to any fee agreement between W&S and the Benj. Franklin shareholder plaintiffs.
>
> (ii) FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to whether and on what terms W&S would have rendered its services.
>
> (iii) FDIC-Receiver admits the averment that the total fees sought by W&S constitute about 2.75 % of the estimated remaining receivership surplus of $42 million and that 2.75 % is lower than percentage-based contingency awards routinely sustained as reasonable by courts in this and other jurisdictions but denies that the averments are relevant to this action and denies any contention, conclusion, or implication that W&S is entitled to the success fee requested or that it is reasonable in this case.
>
> (iv) FDIC-Receiver admits that Exhibit 2 to the Complaint appears to be declarations of support from individuals holding over one-third of the outstanding shares of Benj. Franklin stock but denies that the declarations entitle W&S to a success fee.

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. The FDIC-Receiver paid W&S fair and reasonable compensation of $400,812.75, in addition to the $189,456.76 the firm received from the BFS Lit. Fund and has thus satisfied any obligation it otherwise may have had to W&S.

3. To the extent W&S is requesting interest on any fees or expenses, the firm's claim is barred by applicable receivership law. Specifically, 12 C.F.R. § 360.3 (2006) (applicable to receiverships established before August 10, 1993) allows interest only on withdrawable accounts and other claims that have accrued and become unconditionally fixed as of the date the receivership is established. The allowed portion of W&S's proof of claim is tantamount to an administrative expense of the FDIC-Receiver that is not entitled to interest, by the express terms of 12 C.F.R. § 360.3.

4. Under prevailing common law principles, W&S is not entitled to a success fee or interest on the $590,269.46 already paid to the firm for attorney's fees and expenses or for any accrued fees and expenses for which it has not yet received payment.

Wherefore, Defendant FDIC-Receiver requests the Court to dismiss the Complaint, with prejudice, and grant the FDIC-Receiver any and all other relief allowed by law.

Respectfully submitted,

Dated: August 18, 2006

/s/ Bruce C. Taylor
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

Counsel for Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA