IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 02-1427 |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, *et al.* ) | FILED |
| ) | |
| Defendants. ) | MAY - 2 2006 |
| ) | |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## ORDER

On May 2, 2006, the Court presided at a fairness hearing to consider a proposed settlement of the tax claim made against the Federal Deposit Insurance Corporation ("FDIC") as the receiver for The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon, ("Benj. Franklin"). Because the amount of any tax settlement payment will directly affect the amount of money remaining in the Benj. Franklin receivership to be distributed to approximately 6,500 shareholders of Benj. Franklin, the Court previously approved a Notice to Shareholders and directed that it be sent by the FDIC to all known shareholders to advise them of the hearing about the fairness of the proposed tax settlement and to invite such shareholders to advise the Court of their views on the proposed settlement. *See* Order dated March 20, 2006.

Both parties to this action, the United States represented by the U.S. Department of Justice Tax Division and the FDIC, have agreed to a proposed settlement that would require the FDIC-Receiver to pay $50 million for the federal income taxes allegedly due for calendar years 1990 through 2002, which will resolve and close each of those disputed tax years. The remaining terms of the settlement are set out in the attached letter agreement between the

Department of Justice and the FDIC, which is made a part of this Order. That agreement was conditioned on the approval of this Court after the conduct of a fairness hearing.

At the May 2, 2006 fairness hearing, the Court heard from counsel for the plaintiff United States and for the defendant FDIC and also heard statements by several Benj. Franklin shareholders and by counsel for other Benj. Franklin shareholders, all of whom, except one, spoke in favor of the proposed settlement. Prior to the hearing, the Court also received the votes of approximately 446 shareholders, representing the ownership of approximately 3,000,000 shares of Benj. Franklin stock. Most of the shareholders who sent written views to the Court, expressed agreement with the proposed settlement. Of the total number of shares owned by these responding shareholders, 99.3% of the shares agreed with the settlement and .7% of the shares disagreed with the proposed settlement. Most of the shareholders who voted and disagreed do not believe that any taxes should be paid by the Benj. Franklin receivership because of the way in which the institution was seized back in 1990. In the Notice previously approved by this Court and sent to Benj. Franklin shareholders, they were advised that if they did not send the response form back to the Court, it would assume that such nonresponding shareholders did not object to the proposed settlement described in the Notice. Accordingly, 7,682,958 of the 7,705,000 million shares of common stock of Benj. Franklin voted in favor of the settlement.

Based on all of the views expressed at the hearing and set out in the forms submitted by Benj. Franklin shareholders, the Court finds that the settlement reached between the United States and the FDIC, with various counsel for Benj. Franklin shareholders also participating actively in the settlement discussions, was the product of arms-length negotiations. The Court further finds that the settlement is a fair, adequate, and reasonable way to resolve the tax controversy between the parties, particularly considering the early stage of the litigation

2

proceeding and the opinions expressed by the experienced counsel to the parties and to the shareholders. Moreover, the issues related to the bank's seizure in 1990 are not before this Court and thus would not have been resolved in this forum, even if this tax case had been litigated to conclusion.

Accordingly, the terms of settlement set out in the attached letter agreement between the Department of Justice and the FDIC are approved by this Court, and the parties are directed to carry out the settlement in the manner set out in that agreement.

Dated: May 2, 2006

Emmet G. Sullivan
United States District Judge

<u>Attorneys to be Served with Order</u>

Richard S. Gill, Esq.
Legal Division
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, DC  20429

Henry C. Darmstadter, Esq.
Charles M. Duffy, Esq.
Carl Hankla, Esq.
Jeremy N. Hendon, Esq.
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, DC  20044

Don S. Willner, Esq.
630 Sunnyside Road
Trout Lake, WA  98650

U.S. Department of Justice

Tax Division
Washington, D.C. 20530

November [illegible], 2005

[Addressee illegible]
Associate General Counsel
Federal Deposit Insurance Corporation
[address illegible]
Washington, D.C. [illegible]

Re: United States v. FDIC, Civ. No. [illegible] (C.D. Cal.)

Dear [illegible]:

This letter confirms your amended offer, dated November [illegible], 2005, submitted on behalf of the defendant [illegible], to settle the above-entitled action on the following terms:

The FDIC agrees to pay the United States the sum of $50,000,000 to settle [illegible] federal income tax liabilities [illegible] the estate of Senator Benjamin Franklin's Savings and Loan Association, for the [illegible] December 31, 1990, through December 31, 2002.

The $50,000,000 settlement will be in [illegible] of all federal income tax liabilities for Benjamin Franklin for the calendar years 1990 through 2002 [illegible] the date of payment of the settlement amount.

Upon receipt of the $50,000,000 settlement payment by the United States, all income tax liabilities for Benjamin Franklin for the calendar years 1990 up through and including 2002 [illegible] and [illegible] claims for income taxes, penalties or interest against the parties [illegible] for the calendar years 1990 through 2002. [illegible] (or [illegible] FDIC) cannot pursue a claim for a refund of [illegible] paid [illegible] for the calendar years 1990 through 2002.

The United States offer does not [illegible] any federal tax liabilities for Benjamin Franklin for periods after [illegible]. The $50,000,000 settlement payment will not satisfy or resolve federal income tax liabilities of Benjamin Franklin for calendar years 1990 and any other settlement period.

75% of the first $[illegible],000,000 of the settlement payment will be treated as a payment of interest, and the remaining 25% of the amount [illegible] as a federal payment of tax. [illegible] one of the parties [illegible] federal the payment on tax years [illegible]. The [illegible] $[illegible],000,000 of the settlement [illegible] will be treated as a payment of interest for purposes of determining the effect of the payment on tax years after 2002.

-2-

The settlement of the above-captioned action and $50 million agreed by the FDIC's authorized creditors.

The settlement is subject to a finding upon a specific good faith determination of the United States District Court for the District of Columbia, in connection with a "fairness" or "reasonableness" hearing, that it was properly entered into before [Date] in the event that this Agreement is not signed by the United States.

The FDIC will make the $50 million Settlement Payment within 30 calendar days of the date that the United States District Court documents the terms of settlement are memorialized.

Within seven calendar days of payment of the $50 million, the United States will dismiss its complaint in this case with prejudice. Dismissal, however, shall not serve as a bar as to any other claims and/or counterclaims or liabilities in Benjamin Franklin Federal Savings and Loan Association that are not resolved by this settlement.

[illegible paragraph]

[illegible paragraph regarding within 30 calendar days of the date that the United States receives payment of the settlement amount or remittance of receipt of the same by check payable to the "United States Treasury" bearing the taxpayer's employer identification number.]

Enclosed please find an execution copy of a stipulation for dismissal of this case. Please sign [illegible] our office and we will secure the amount due, as well as the execution and file it with the court, and return a signed copy to you.

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

[signature]

[illegible] BARUCCI
Chief, Office of Review