# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

THOMAS M. BUCHANAN
(202) 282-5787
tbuchanan@winston.com

August 21, 2006

**FEDERAL EXPRESS**

Glenn Glinsmann
Resolution and Receiverships Specialist
Federal Deposit Insurance Corporation
1910 Pacific Avenue
Room 8040
Dallas, TX 75201

Re: **Reimbursement of Funds to C. Robert Suess**

Dear Mr. Gill:

Enclosed is a Proof of Claim for C. Robert Suess for reimbursement of legal fees and expenses in the amount of $216,599.50. This Proof of Claim is being filed now based on newly discovered information, which is described below. This amount is comprised of the following: (1) $165,081.85 paid to Winston & Strawn LLP by Mr. Suess; (2) $11,349.81 paid to Don Willner by Mr. Suess; and (3) and $40,167.84 in administrative expenses. All of these funds were expended by Mr. Suess in support of the Benj. Franklin Receiver in its litigation in the Court of Federal Claims and in the federal district court in Washington, D.C. against the IRS.

Although the FDIC-Receiver has already approved $3 million to reimburse Benj. shareholders for contributions to the Benj. Litigation Fund, the above-described expenses were not included in the $3 billion dollar amount. The $3 million dollar figure, as you know, was provided to the FDIC by Don Willner as Trustee of the Litigation Trust Fund for Benj. Franklin. However, in 2001, due to a conflict of interest, Mr. Willner fired Mr. Suess as a client. Mr. Suess then hired Winston & Strawn to represent him henceforth. Winston & Strawn ultimately handled much, if not most, of the substantive legal work on the IRS tax claim, as reflected in our own Proof of Claim to the FDIC.

Mr. Suess paid Winston & Strawn $165,081.55 for work on the tax claim after being fired by Mr. Willner. Mr. Suess had assumed that this amount would be included in Mr. Willner's accounting, but it was not due to the fact that Winston & Strawn was not paid through the Benj. Franklin Litigation Trust Fund, but rather directly by Mr. Suess. See Exhibits 1

WINSTON & STRAWN LLP

Glenn Glinsmann
August 21, 2006
Page 2

through 4, which are the checks paid to Winston & Strawn LLP by Mr. Suess for the services in question.

The $11,349.80 was paid to Mr. Willner as the Trustee for the Benj. Franklin Litigation Fund. Of that amount, $5,849.81 was put into Mr. Willner's law firm account, and the remaining $5,500.00 was put into the Litigation Trust Fund account. None of it was accounted for by Mr. Willner as part of the $3 million. See Exhibits 5 through 8, which are the checks paid to Mr. Willner, and Exhibit 9, which is a check register listing the other expenses (highlighted) for which checks are no longer available.

Finally, Mr. Suess expended $40,167.84 in administrative expenses to support the Benj. Franklin Litigation Trust Fund, and the litigation in the Court of Federal Claims and federal district court. These expenses went to contacting shareholders to raise funds for the litigation, keeping the shareholders informed of the litigation, and providing other administrative support to the Litigation Trust Fund. See Exhibit 10, which are accounting records of Mr. Suess that reflect these payments.

Mr. Suess, who is 84 years old, just realized this oversight, and thus the reason for this submission. Mr. Suess mistakenly assumed that Mr.. Willner, as Trustee for the Litigation Trust Fund, and former counsel to Mr. Suess, would have protected Mr. Suess's interests. We believe that there are exceptional circumstances justifying any delay in this claim, and that it would be totally inequitable for Mr. Suess not to be reimbursed for these legal fees, when all the other shareholders were paid in full for their contributions to the Litigation Trust Fund.

We therefore respectfully request that the FDIC pay Mr. Suess the $216,599.00 from the remaining surplus in the Benj. Franklin receivership, plus interest.

If you have any questions, please give me a call.

Sincerely,

Thomas M. Buchanan

Enclosures

cc:   Richard Gill, Esq. (w/encls.)

DC:477035.3